UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-CV-3161 (JRT/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | RESPONDENT'S |
| v. | ) | POST-HEARING |
| | ) | MEMORANDUM |
| LUCAS JOHN HELDER, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

This memorandum is submitted in support of Respondent Lucas Helder's position with respect to the issues pending before the Court at the end of the hearing held September 1, 2004, upon the government's petition for an order committing Mr. Helder to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4246. This memorandum will discuss the issues surrounding the relief sought by the United States, an order of commitment, as well as the issues of confidentiality and privilege raised by the respondent, including the pending request to continue to keep the government's exhibits under seal.

## IS THERE CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT SUFFERS FROM MENTAL ILLNESS OR DISEASE AS A RESULT OF WHICH HE POSES A SIGNIFICANT DANGER TO THE PERSON AND PROPERTY OF ANOTHER?

At the hearing, the defendant attempted to stipulate that the dangerousness report, Government Exhibit 2, formed the basis for a factual finding with respect to the allegations of the petition and offered to stipulate to the precise language provided for in 18 U.S.C. § 4246(d). He

did not challenge or cross-examine the testimony regarding the inability of the Attorney General to release him to an appropriate official of the state in which he was domiciled or otherwise challenge the Attorney General's efforts to cause such a state to assume responsibility. Respondent did not submit any evidence in the form of expert testimony or otherwise in his case in chief on the issue of whether the government had met its burden of persuasion of clear and convincing evidence.

The Court must yet determine on this record whether the evidence was clear and convincing with respect to his "significant" dangerousness as described in the statute.

Clear and convincing evidence as a standard of proof required by the Constitution of the United States for indefinite civil commitments is something less than the "near certainty" of proof beyond a reasonable doubt and something much greater than the "fair preponderance" standard in ordinary civil matters.  A thoughtful discussion of the meanings of the levels of proof is contained in United States v. Fatico, 450 F.Supp. 388 (D.Ed.NY 1978) (Weinstein D.J.).

The record before the Court, on the issue of whether Mr. Holder is a significant danger to the person or property of others at this time, is weaker than the evidence with respect to whether or not he suffers from mental illness.  Both parties at the commitment hearing brought out facts through Dr. Simcox's testimony, which tended to reduce the quantum of evidence supporting a finding of "dangerousness".  The Court may fairly conclude that on this record the government did not meet its burden of clear and convincing evidence on this issue.

MOTION TO SEAL EXHIBITS AND

MEDICAL REPORTS

There remains pending before the Court a motion to seal the physical exhibits. Those

exhibits, apart from curriculum vitae, consist either of medical reports concerning Mr. Helder's

current or past condition or they consist of writings produced by Mr. Helder as part of the

evaluation and treatment programs that he has been part of for much of the past two years. The

defendant also, prior to commencement of the hearing, asked that it be closed to the public and in

particular the numerous members of the press present. After the Court denied this motion, Mr.

Helder offered to stipulate, and then at last the hearing occurred. Thus, to some extent, the

public has inevitably already heard some information concerning Mr. Helder's diagnosis and

prognosis with respect to his medical status. Nonetheless, he persists in seeking protection and

asserting any privilege he has with respect to the additional details of his care, treatment,

diagnosis and prognosis as well as other information about him contained within the records

received at the commitment hearing. There remains a significant amount of privileged material

not yet revealed in the course of the testimony or necessarily revealed with respect to any order

issued by the Court.

PUBLIC HEARING/CLOSED HEARING

These proceedings are civil and there is no Constitutional Sixth Amendment concern

relating to the public trial clause of the Sixth Amendment of the Constitution of the United

States. With respect to the openness of the proceedings themselves, initially it should be

observed that the statute is silent, and there does not appear to be any ambiguity which would

allow a construction based on legislative history or congressional intent.  On the other hand, it does not appear to be any specific indication of congressional intent on this issue either.

It is fair to note that the state jurisdiction in which these proceedings were held has both statute and rule regarding the circumstances.  Without providing a 50-state survey, it would appear that some states exclude the public from all civil commitment hearings, some permit public attendance for commitments after not guilty by reason of insanity hearings, but exclude the public from others, and many leave the matter to the discretion of the Court.  For discussion of the competing interests, see In re commitment of Edward S., 118 N.J. 118 , A. 2d 917 (1990). Minnesota law reads as follows: "All persons to whom notice has been given may attend the hearing, and, except for the proposed patient's counsel, may testify.  The Court shall notify them of the right to attend the hearing and to testify.  The Court may exclude any person not necessary for the conduct of the proceedings from the hearings except any person requested to be present by the proposed patient.  Nothing in this section shall prevent the Court from ordering the sequestration of any witness or witnesses other than the petitioner or the proposed patient."  MN ST § 253B.08 subd. 3.  The persons given notice of the hearing generally are set forth in subdivision 2 of the same statute and do not include the general public or members of the press.

There is also a rule relating to the disclosure of the exhibits and other documents at such hearings.  Rule 21 of the procedure under Minnesota Commitment and Treatment Act Rules provides for Court files being open for "inspection by the public," except as limited by court order or by the rules.  The rules then proceed to direct the creation of a special separate section which would contain a pre-petition screening report, Court-appointed examiner's report, and all

medical records." Those records are <u>forbidden</u> to be disclosed except by express order of the District Court, but the rule does not limit the right of parties to mention those rules at a hearing.

Except as expressly waived, there remains a privilege in an individual's medical records under both state and federal statutes, the federal statute commonly being referred to as HIPPA. Regulations promulgated under that statute, 45 CFR § 164.512 contain various exceptions for disclosures by the possessor of medical records in the course of judicial or administrative proceedings. The exceptions generally require notice to the person for whom the records exist, an opportunity to object, and prohibition of using the records thus disclosed for any purpose other than the litigation or proceeding for which they were requested. Those regulations also require the return or destruction of any protected health information at the end of the litigation.

OTHER COURT PROCEEDINGS ARE OFTEN CLOSED OR

ACCESS TO THE INFORMATION/DOCUMENTS PROTECTED

The closure of Court proceedings or the protection of court records is common and provided for by the Rules of Civil Procedure. The public may be excluded from the testimony or, occasionally, victims where the testimony is unusually sensitive. Jurors may be selected anonymously. Disclosures concerning a corporation's practices, other business data, or many other types of civil discovery are often limited or prohibited. The details and the reasons for settlement of some litigation is kept under seal. Respondent Helder in this case did not bring these proceedings. He has not consented to the release of private medical information or information gathered in the course of performing a medical diagnosis of him to the general public. To the extent that the Court should balance the public's interest in obtaining the wealth

of detail contained within all the documents generated by the various examinations of

Mr. Helder, versus the important statutory and Constitutional (with respect to privacy rights)

interest he has in privacy, the balance should be struck in favor of his privacy, particularly when

sufficient information is released, either through the Court's written opinion or because of the

fact that the public has in fact attended the hearing.

At the hearing, the government argued that the public had a "right to know" and an

interest in the outcome of the proceedings as well as arguing that a public proceeding was in the

respondent's best interest.  Neither of these arguments should result in a rule different than the

one proposed by respondent here.

Initially, as indicated above, the public's interest in "knowing" the outcome of these

proceedings is more than satisfied by the contents of any Order issued by the Court.  The

government identified no interest in the public's knowing the precise details of respondent's, or

any respondent's, delusional framework or other aspects of the mental illness involved, and it is

hard to imagine any sufficient to outweigh the privacy and privilege interests involved.

Similarly, the due process concerns addressed by the statute which provide for notice, hearing,

the right to counsel as well as the right to call witnesses all alleviate any realistic concerns of

abuses and secret commitments out of the public eye whether the analogy is to star chamber

practices of England so criticized by the founding fathers of the American Republic or the more

recent abuses of psychiatry perpetrated by the totalitarian government of the former Union of

Soviet Socialist Republics.

CONCLUSION

Without a showing of particularized needs, respondent contends that his hearing and all involuntary commitment hearings civil in nature conducted pursuant to 18 U.S.C. § 4246 ought to be closed to the general public, subject to the Court's discretion.  He also persists in his request that the details of his medical care and accompanying documents, which the government introduced into evidence at his commitment hearing, remain under seal from the general public. Lastly, he asserts that there was not clear and convincing evidence that he was a danger necessitating his commitment.

Dated: September 13, 2004

Respectfully submitted,


*s/ Scott F. Tilsen*

_____

Scott F. Tilsen
Attorney ID No. 11005X
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415